IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KRYSTAL M. MOORE,<br><br>           Plaintiff,<br><br>v.<br><br>TURNER BROADCASTING SYSTEM, INC., TURNER SERVICES, INC., and JUAN A. MAITLAND,<br><br>           Defendants. | CIVIL ACTION FILE NO.<br><br>1:07-CV-0972-JTC-JFK |

**ORDER**

Pending before the court is Plaintiff Krystal M. Moore's request [Doc. 14] for appointment of counsel. Plaintiff, who is proceeding *pro se,* has filed a civil complaint in this court asserting employment discrimination pursuant to Title VII of the Civil Rights Act. [Doc. 1]. For the reasons stated herein, the court denies Plaintiff's request.

"Plaintiff does not have a constitutional or statutory right to appointed counsel." Kayhill v. Unified Government of Wyandotte County/Kansas City, Kansas, 197 F.R.D. 454, 455 (D. Kan. 2000); see also Hunter v. Department of Air Force, 846 F.2d 1314 (11th Cir. 1988). However, Title VII authorizes "that the district court in its discretion may appoint counsel for plaintiff 'in such circumstances as the court may deem just.'"

Id. (quoting 42 U.S.C. § 2000e-5(f)(1)).  A district court "exercises extremely broad discretion in deciding whether to appoint counsel."  Id.; see also Caston v. Sears Roebuck & Co., 556 F.2d 1305 (5th Cir. 1977);[1] Donohoe v. Food Lion Stores, Inc., 253 F. Supp. 2d 1319, 1321 (N.D. Ga. 2003).

It is Plaintiff's burden to demonstrate that she is entitled to appointment of counsel.  Kayhill, 197 F.R.D. at 455.  Courts "'have identified three factors to be considered when evaluating motions for appointment of counsel in Title VII cases: (1) plaintiff's ability to afford counsel; (2) plaintiff's diligence in searching for counsel; and (3) the merits of plaintiff's case.'"  Donohoe, 253 F. Supp. 2d at 1321 (quoting Castner v. Colo. Springs Cablevision, 979 F.2d 1417, 1420-21 (10th Cir. 1992)).  A fourth factor is utilized by some courts, that is, "'plaintiff's capacity to prepare and present the case without the aid of counsel.'"  Id.  Additionally, "[t]he determination to appoint counsel involves two competing considerations.  In light of Congress' special concern regarding legal representation in Title VII actions, the Court must give 'serious consideration' to plaintiff's request for counsel. . . .  On the other hand, the court must keep in mind that Congress has not provided any mechanism for

---

[1] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding upon panels of the Eleventh Circuit.  See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

compensating such appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.'" Kayhill, 197 F.R.D. at 455 (quoting Castner, 979 F.2d at 1421); see also Donohoe, 253 F. Supp. 2d at 1321 (same). The court will apply these factors and considerations to Plaintiff's request for appointment of counsel.

First, the only evidence before the court regarding Plaintiff's financial resources is contained within the request for counsel which is purportedly submitted under penalty of perjury but which is not otherwise sworn. See Donohoe, 253 F. Supp. 2d at 1321-22. However, the court will consider that information in support of the request and finds that Plaintiff lacks the resources to retain counsel. Second, Plaintiff has not presented any information regarding her efforts to retain counsel besides the conclusory statement that she made attempts to do so before filing the complaint. In this regard, "'plaintiff must demonstrate that he or she has made a reasonably diligent effort under the circumstances to obtain counsel.'" Id. (quoting Castner, 979 F.2d at 1422).

The next factor is the merits of Plaintiff's case. Plaintiff alleges that she was sexually harassed and retaliated against for complaining of the harassment. [Doc. 1]. Plaintiff provided a copy of the EEOC right-to-sue letter for her charge of

3

discrimination; however, the EEOC did not make any findings regarding the validity of Plaintiff's claims.  A finding in her favor - or for that matter in favor of Defendant - would have aided the court in analyzing the merits of Plaintiff's case.  See Vining v. Runyon, 99 F.3d 1056, 1057 n.1 (11th Cir. 1996) ("In denying Vining's request, the district court relied on the EEOC's conclusion that he had not raised a *prima facie* case of discrimination and on Vining's exceptional ability to understand and present his own claims.  These are appropriate factors to consider in determining whether or not to appoint counsel in a Title VII case. . . ."); Kayhill, 197 F.R.D. at 456-57 (noting that "the EEOC administrative finding is a 'highly probative' factor for the Court to consider when determining the merit of plaintiff's claims").  However, because the EEOC simply issued the right-to-sue letter without conducting an inquiry, the letter lacks relevance in resolving this issue.  No other factors aid the court in accessing the merits of Plaintiff's case at this early stage of the proceedings.

  Finally, it appears that Plaintiff is able to present her case without counsel.  In resolving this factor, "'the court should look to the complexity of the legal issues and plaintiff's ability to gather and present crucial facts.'"  Donohoe, 253 F. Supp. 2d at 1323 (quoting Castner, 979 F.2d at 1422).  The legal issues are not complex, and Plaintiff has exhibited the ability to gather and present the facts as evidenced in her

4

complaint, in the Preliminary Report and Discovery Schedule and in her Initial Disclosures.

In light of the fact that the court cannot compensate appointed counsel and given Plaintiff's failure to establish that appointment of counsel is appropriate, the court **DENIES** Plaintiff's request [Doc. 14] to appoint counsel.

**SO ORDERED**, this 19th day of July, 2007.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

5